GAINS SCOTT v. THE STATE.

No. 3977.   Decided May 12, 1909.

**1.—Local Option—Evidence—Bill of Exceptions.**

Where upon appeal the bill of exceptions did not set out the objection to the evidence, the same could not be considered.

**2.—Same—Evidence.**

Upon trial for a violation of the local option law there was no error in refusing testimony that defendant had refused to sell whisky to other persons than the prosecuting witness.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*S. C. Coffee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

Bill of exceptions No. 1 complains that the State was permitted to prove by two witnesses that it was generally understood among drinking men and club men that when a customer called for a long soda he would get beer. Appellant objected to the testimony on the grounds that, if there was such a custom, the State had not shown that the defendant was aware of that fact, and that appellant was not bound by a custom of which it was not shown he knew anything of, which objections by appellant the court overruled. The grounds of objection are not a statement of a fact. The court does not certify in this bill of exceptions, nor is the fact stated, that defendant did not know the custom, but appellant bases it on the ground that he did not know. Under the authorities of this court this bill is defective in not positively showing the facts and then basing the objections upon the facts.

Bill of exceptions No. 2 shows that appellant offered the following testimony: After the State had shown the defendant had internal revenue license the defendant offered to show by the State's witness, J. C. Couch, that about this time, before and after this transaction, that he, the witness, had tried to buy beer or other intoxicants from the defendant, and the defendant had uniformly refused to sell him beer or other intoxicants, and uniformly told witness he would not violate the local option laws, to all of which the witness would have testified, but the State objected to said testimony for the reason that same was immaterial, and the court sustained the objection. Appellant's reason for objecting was that the testimony was admissible to show that said license were in fact for protection, and not to enable defendant to violate the local option law, as the license would show prima facie they were obtained. This evidence was clearly inadmissible. The fact that appellant would have refused to sell one man whisky in violation of the local option law would not prove any material fact where he was being tried for violation of the law in selling to someone else. These are the only questions in the record except the sufficiency of the evidence. We find the evidence is sufficient.

The judgment is affirmed.

*Affirmed.*